**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-3819

ROCKY MOUNTAIN ASSOCIATION
OF RECRUITERS,

    Plaintiff,

v.

SCOTT MOSS, in his official capacity as
Director of the Division of Labor Standards
and Statistics of the Colorado Department
of Labor and Employment,

    Defendant.

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

  Plaintiff Rocky Mountain Association of Recruiters ("Plaintiff") brings this action against Scott Moss, in his official capacity as Director of the Division of Labor Standards and Statistics of the Colorado Department of Labor and Employment ("Defendant"), alleging as follows:

### INTRODUCTION

  1. Plaintiff files this action to enjoin the enforcement of Colorado's equal pay transparency statute and regulations, which are facially unconstitutional under the Constitution of the United States, in violation of the Commerce Clause, U.S. Const. art. I, sec. 8, cl. 3 (the "Commerce Clause") and the First Amendment, U.S. Const. amend I (the "First Amendment").

  2. Specifically, Plaintiff challenges Colorado's "Part 2 of the Equal Pay for Equal Work Act" ("EPEWA"), which was codified into law at C.R.S. §§ 8-5-201 to 8-5-203 (2021), and its implementing regulations found at 7 C.C.R. 1103-13 (2021) (the "EPEWA Regulations").

EPEWA and the EPEWA Regulations are unique statutory and regulatory requirements, and unlike any requirements in any other State. These unconstitutional requirements include:

A. That employers must "disclose in each posting for each job opening the hourly or salary compensation, or a range of the hourly or salary compensation and a general description of all the benefits and other compensation to be offered to the hired applicant[,]" C.R.S. § 8-5-201(2) (2021) (the "**Compensation Posting Requirement**");

B. That employers must comply with the Compensation Posting Requirement not only for jobs located within Colorado, but also for remote jobs, *see* 7 C.C.R. 1103-13, Rule 4.3(B) (2021) (the "**Remote Job Posting Rule**");

C. That employers "make reasonable efforts to announce, post, or otherwise make known all opportunities for promotion to all current employees on the same calendar day and prior to making a promotion decision;" C.R.S. § 8-5-201(1) (2021) (the "**Promotion Posting Requirement**");

D. That employers must comply with the Promotion Posting Requirement not only for Colorado jobs or promotional opportunities, but for all jobs or promotional opportunities available throughout the entire organization, *nationwide and internationally*, if the opportunity could be "considered a promotion" for any employee in Colorado, and without regard for whether any Colorado employee is "qualified" for the opportunity or whether there is an actual job vacancy, 7 C.C.R. 1103-13, Rules 4.2 *et. seq.* and 4.3(A) (2021) (the "**Out-of-State Promotion Posting Rules**"); and

E.  That employers are limited in their power to conduct confidential internal searches to replace current employees, by requiring that if the employer discloses the opportunity to any employee, it must also disclose the opportunity to all Colorado employees who have "substantially similar" jobs, 7 C.C.R. 1103-13, Rule 4.2.5(A) (the "**Confidential Search Restriction**").

3.      Plaintiff and its members strongly support Colorado's stated goals of eliminating pay inequality based on sex or other protected categories. However, the methods that Colorado has chosen to achieve these goals, through EPEWA and the EPEWA Regulations, are extremely burdensome to employers, create an unworkable interstate statutory scheme well beyond Colorado's borders, destroy the value of Plaintiff's member's trade secrets, and place Colorado employers at a competitive disadvantage—all without any reasonable relation to achieving "equal pay."

4.      As explained in detail below, EPEWA and the EPEWA Regulations facially conflict with the First Amendment, based on United States Supreme Court precedent regarding prohibitions on the government's ability to "compel" speech from private citizens. Under this precedent, EPEWA and the EPEWA Regulations violate the First Amendment rights of Plaintiff's members because they impose an undue burden on employers to make forced disclosures that are not reasonably related to Colorado's interests regarding equal pay.

5.      As explained in detail below, EPEWA and the EPEWA Regulations also facially conflict with the Commerce Clause, based on United States Supreme Court precedent regarding the "Dormant Commerce Clause." EPEWA and the EPEWA Regulations violate the Dormant

Commerce Clause because they conflict with the statutes and regulations of other states, are inconsistent with other states' statutory schemes, and impose a burden on interstate commerce that is clearly excessive in relation to their putative local benefits.

6.      As explained in detail below, if Defendant is allowed to enforce EPEWA and the EPEWA Regulations against Plaintiff's members, then Plaintiff's members will suffer immediate and irreparable harm, in the form of direct infringement of their constitutional rights constituting *per se* irreparable injury, in addition to severe burdens imposed on Plaintiff's members further detailed below.

7.      Accordingly, Plaintiff respectfully requests that the Court (1) grant a declaratory judgment that EPEWA and the EPEWA Regulations are facially invalid and unconstitutional; and (2) issue an order preliminarily and permanently enjoining Defendant from enforcing EPEWA and the EPEWA Regulations.

## PARTIES

8.      Plaintiff Rocky Mountain Association of Recruiters is a non-profit professional trade organization that promotes excellence in the recruitment and executive search industry throughout Colorado. This suit is germane to Plaintiff's mission to support the recruitment and executive search businesses that form its membership, who would otherwise have standing to sue in their capacities as employers, and as businesses who support employers with their hiring goals. Plaintiff seeks only declaratory and injunctive relief, and neither the claims asserted nor the relief requested requires the participation of Plaintiff's individual members in the suit. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1971).

9.      Defendant Moss is the Director of the Division of Labor Standards and Statistics (the "Division"), which is part of the Colorado Department of Labor and Employment ("CDLE"). The Division issued the EPEWA Regulations implementing EPEWA and is charged with the enforcement of EPEWA and the EPEWA Regulations.   Mr. Moss is sued in his official capacity only.   The main office of the Division is located in Denver, Colorado, within the District of Colorado.

**JURISDICTION AND VENUE**

10.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, because both of Plaintiff's claims arise under the U.S. Constitution and 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

11.      As discussed in detail below, EPEWA and the EPEWA Regulations conflict with the Commerce Clause and violate the First Amendment, and thereby deprive Plaintiff and its members of enforceable rights secured by the Constitution of the United States and the Bill of Rights.

12.      In addition, this Court has jurisdiction under 28 U.S.C. § 1331 because enforcement of EPEWA and the EPEWA Regulations would violate the Supremacy Clause, and thus may be enjoined under established principles of equity.  *See Armstrong v. Exception Child Center, Inc.*, 135 S. Ct. 1378, 1384 (2015).

13.     This Court similarly has the power to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.

14.     Venue lies in this judicial district under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

## THE EPEWA AND THE EPEWA REGULATIONS

15.     The Colorado Legislature passed EPEWA on May 13, 2019, and the Governor of Colorado signed it into law on May 20, 2019.

16.     Under EPEWA and Colorado's Administrative Procedure Act, C.R.S. §§ 24-4-103 and 105, the Director of the Division has the authority to adopt rules and regulations to enforce, execute, implement, apply, and interpret EPEWA.

17.     On November 10, 2020, the Division adopted the EPEWA Regulations, found at 7 C.C.R. 1103-13 (2021), purporting to regulate the implementation and enforcement of EPEWA.

18.     EPEWA and the EPEWA Regulations become effective on January 1, 2021.

19.     EPEWA and the EPEWA Regulations apply to any person or entity that employs even a single employee in Colorado.  C.R.S. § 8-5-101(5).

20.     EPEWA has two primary requirements, both challenged by Plaintiff in this lawsuit: the Compensation Posting Requirement and the Promotion Posting Requirement.

21.     The Compensation Posting Requirement requires employers to "disclose in each posting for each job opening the hourly or salary compensation, or a range of the hourly or salary compensation and a general description of all the benefits and other compensation to be offered to the hired applicant." C.R.S. § 8-5-201(2) (2021).

6

22.    Under the Remote Job Posting Rule created by the EPEWA Regulations, the Compensation Posting Requirement applies not only to jobs located in Colorado, but also to remote jobs that are not required to be performed in Colorado, but merely theoretically could be performed within the state. *See* 7 C.C.R. 1103-13, Rule 4.3(B) (2021).

23.    The Promotion Posting Requirement requires employers to "make reasonable efforts to announce, post, or otherwise make known all opportunities for promotion to all current employees on the same calendar day and prior to making a promotion decision." C.R.S. § 8-5-201(1) (2021).

24.    Under the Out-of-State Promotion Posting Rules created by the EPEWA Regulations, the Promotion Posting Requirement applies not only to an employer's job vacancies, but also to "promotions-in-seat," where there is no true job vacancy but the employer intends to elevate an employee to a more advanced job title based on that employee's own accomplishments (*i.e.*, after two years on the job, an employer intends to "promote" an employee from the position of Engineer I to the position of Engineer II). The Out-of-State Promotion Posting Rules also extend the Promotion Posting Requirement to such opportunities available throughout the entire organization, *nationwide and even internationally*—not just to opportunities located within Colorado. The Out-of-State Promotion Posting Rules also demand that the employer comply with the Promotion Posting Requirement regardless of whether any Colorado employees are qualified or eligible for any of the opportunities. *See* 7 C.C.R. 1103-13, Rules 4.2 *et. seq.* and 4.3(A) (2021).

25.    Confidential searches undertaken by employers to replace underperforming employees are only partially exempted from EPEWA and the EPEWA Regulations. The Confidential Search Restriction, 7 C.C.R. 1103-13, Rule 4.2.5(A), purports to permit an employer

to partially forgo the Compensation and Promotion Posting Requirements under these circumstances; however, if the employer discloses the opportunity to any current employee, it must also disclose the opportunity to all Colorado employees meeting the opportunity's minimum requirements, as well as those with "substantially similar jobs."

26.     EPEWA and the EPEWA Regulations impose heavy burdens on Plaintiff's members.  Among other things, these laws require Plaintiff's members to publicly disclose the compensation ranges they believe they might pay Colorado and remote employees, thereby destroying the trade secret and competitive advantage of that information.  These laws also place Plaintiff's members, as both employers and as recruiters, at a significant disadvantage to their out-of-state competitors by restricting their ability to undertake confidential searches for employees. Plaintiff expects that the laws will essentially eliminate the market for recruiters who perform confidential searches for their clients.  Finally, the laws require significant and costly changes to Plaintiff's members' hiring practices, including:  forcing them to undertake the significant time and cost to develop systems to track and post all promotional opportunities, within their entire organizations, nationwide and even internationally, and including in-line promotions for which there are not vacancies, for disclosure to Colorado employees who may not even be qualified or eligible for those opportunities; to determine "up front" an appropriate pay range for its Colorado and remote positions, a calculation that takes time and is dependent on complicated variables; and to find substitutes to the confidential search process that many employers rely on to expand and grow their businesses.

27.     Because of the burdens imposed by EPEWA and the EPEWA Regulations, Plaintiff is aware of businesses who have decided not to employ further individuals within Colorado, and who will restrict their remote jobs from being performed within Colorado.

28.     EPEWA's legislative declaration states that the intent of EPEWA is to "pass legislation that helps to close the pay gap in Colorado and ensure that employees with similar job duties are paid the same wage rate regardless of sex, or sex plus another protected status." Senate Bill 19-085, Section 2(2). The legislation and its implementing regulations are not reasonably related to achieving the legislature's purported objective and impose burdens constituting irreparable harm on employers in ways that are contrary to the legislature's purported objective.

**The First Amendment Prohibits "Compelled Speech" That Is Unduly Burdensome and Not Reasonably Related to a Substantial Government Interest**

29.     The First Amendment prohibits state entities from compelling commercial speech from private citizens unless the speech is reasonably related to a substantial government interest, and does not impose an undue burden on the speaker. *See Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985).

30.     The requirements of EPEWA and the EPEWA Regulations are not reasonably related to Colorado's asserted interests. There is little to no evidence that the disclosures compelled by EPEWA and the EPEWA Regulations will have any effect at all on the pay gap in Colorado, or will ensure that employees with similar job duties are paid the same wage rate regardless of sex, or sex plus another protected status.

31.     Because EPEWA and the EPEWA Regulations do not reasonably relate to Colorado's asserted interests, and yet simultaneously place heavy burdens on Plaintiff's members, these laws violate Plaintiff's members' rights under the First Amendment to be free of

governmentally-"compelled" speech.

**The Dormant Commerce Clause Preempts State Regulations That Conflict With Other States' Laws, Impose Unique Requirements, or Excessively Burden Interstate Commerce in Relation to Putative Local Benefits**

32.     The "Dormant Commerce Clause" derives from the Commerce Clause, which states: "Congress shall have [the] power . . . [t]o regulate commerce . . . among the several States." *See, e.g., Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

33.     State statutes or regulations that conflict with other states' regulatory regimes excessively burden interstate commerce, and thus violate the Dormant Commerce Clause.  *See, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 351 (1971); *Bioganic Safety Brands, Inc. v. Ament*, 174 F.Supp.2d 1168, 1184 (D. Colo. 2001) ("It is enough for the state's law to conflict with other states' laws" for a law to violate the dormant Commerce Clause).

34.     EPEWA and the EPEWA Regulations conflict with the statutory schemes of Illinois and Massachusetts, which prohibit disclosure of wage or salary information of employees without written consent. *See* 820 Ill. Comp. Stat. Ann. 112/10(b); M.G.L.A. ch. 149, § 105A(c)(3). Where the salary range for a job is narrow or there are small numbers of other individuals working in the same position, disclosing salary ranges pursuant to these laws is no different than disclosing existing employees' compensation. Employers operating in Illinois or Massachusetts as well as Colorado cannot simultaneously comply with the Compensation Posting Requirement and/or the Remote Job Posting Rule and these other states' laws.

35.     State statutes can also violate the Dormant Commerce Clause when their requirements impose interstate burden "out of line with the requirements of the other States," even if there is no direct statutory conflict. *Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 529-30

(1959).  Because EPEWA and the EPEWA Regulations "impose[] . . .unique requirement[s] not in place in any other state," they cannot stand, even leaving aside any direct conflict with other state laws. *Bioganic Safety*, 174 F. Supp.2d at 1184.

36.     Finally, a state statute or regulation violates the Dormant Commerce Clause if "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

37.     The putative local benefit of EPEWA and the EPEWA Regulations is narrowing of the ". . . pay gap in Colorado" and/or a higher incidence of "employees with similar job duties [being] paid the same wage rate regardless of sex, or sex plus another protected status." *See* Senate Bill 19-085, Section 2(2).  However, there is little to no evidence that the disclosures compelled by EPEWA and the EPEWA Regulations will have any effect at all on the pay gap in Colorado, or will ensure that Colorado employees with similar job duties are paid the same wage rate regardless of sex, or sex plus another protected status.

38.     The burdens on Plaintiff's members, as described above, are clearly excessive in relation to the putative local benefits conferred within Colorado.  *See Raymond Motor Transp., Inc. v. Rice*, 434 U.S. 429, 442 (1978) (holding regulations violated the Dormant Commerce Clause where they imposed a substantial burden on the interstate movement of goods, and the state "failed to make even a colorable showing" that the regulations contributed to a local public benefit).

### The Division Will Actively Enforce EPEWA and the EPEWA Regulations

39.     Plaintiff's members face a real and imminent threat that EPEWA and the EPEWA Regulations will be vigorously enforced.  Colorado will enforce violations of these laws through

the Division.   Employees may file complaints alleging violations of EPEWA or the EPEWA Regulations with the Division, which will investigate the complaints and issue orders and fines related to violations.   *See* 7 CCR 1103-13.

40.     Violation of EPEWA or the EPEWA Regulations subject an employer to a fine ranging from $500.00 to $10,000.00 per violation, with each violation corresponding to each alleged promotional opportunity or job posting.   C.R.S. § 8-5-203(4).

### EPEWA and the EPEWA Regulations Will Cause Irreparable Harm to Plaintiff's Members

41.     Plaintiff's members will suffer irreparable harm if EPEWA and the EPEWA Regulations are allowed to stand.   Because EPEWA and the EPEWA Regulations violate the constitutional rights of Plaintiff's members, they cause those members *per se* irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) (regarding First Amendment rights); *ACLU v. Johnson*, 194 F.3d 1149, 1163 (10th Cir. 1999) (citation omitted) (regarding rights under the Commerce Clause).

42.     Plaintiff's members will also be irreparably harmed by EPEWA and the EPEWA Regulations because their trade secret employee compensation information will be publicly available, and once publicly disclosed cannot be returned to secrecy, and will cause Colorado employers to incur the substantial costs and burdens on their interstate businesses that employers outside Colorado will not be required to incur.

## CAUSES OF ACTION

### COUNT I
### Violation of the First Amendment to the Constitution of the United States

43.     Plaintiff repeats and re-alleges paragraphs 1-42 as if set forth fully herein.

44.     Under the Supremacy Clause, the "laws of the United States . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

45.     Any state law that conflicts with the Constitution of the United States, or the Bill of Rights, violates the Supremacy Clause.

46.     For the reasons discussed above, EPEWA and the EPEWA Regulations constitute "compelled" speech in violation of the First Amendment, U.S. Const. amend I, and therefore violate the Supremacy Clause, and are unlawful.

47.     Federal courts of equity have the power to enjoin unlawful actions by state officials. Such equitable relief has traditionally been available in the federal courts to enforce federal law.

48.     Defendant is charged with enforcing EPEWA and the EPEWA Regulations.

49.     Therefore, this Court can and should exercise its equitable power to enter an injunction precluding the Defendant from enforcing EPEWA and the EPEWA Regulations.

### COUNT II
### Violation of the Dormant Commerce Clause of the Constitution of the United States

50.     Plaintiff repeats and re-alleges paragraphs 1-49 as if set forth fully herein.

51.     For the reasons discussed above, EPEWA and the EPEWA Regulations also conflict with the Dormant Commerce Clause, U.S. Const. art I, sec. 8, cl. 3, and therefore violate the Supremacy Clause, and are unlawful.

52.     Therefore, this Court can and should exercise its equitable power to enter an injunction precluding the Defendant from enforcing EPEWA and the EPEWA Regulations.

**COUNT III**
**42 U.S.C. § 1983**

53.     Plaintiff repeats and re-alleges paragraphs 1-52 as if set forth fully herein.

54.     For the reasons discussed above, EPEWA and the EPEWA Regulations conflict with the Dormant Commerce Clause and violate the First Amendment, and thereby deprive Plaintiff and its members of enforceable "rights" secured by federal law.

55.     Under 42 U.S.C. § 1983, this Court has the power to enforce the rights of Plaintiff's members and to enter an injunction precluding the Defendant from enforcing EPEWA or the EPEWA Regulations.

56.     Therefore, this Court can and should exercise its powers under 42 U.S.C. § 1983 to enter an injunction precluding the Defendant from enforcing EPEWA and the EPEWA Regulations.

**COUNT IV: Declaratory Relief**

57.     Plaintiff repeats and re-alleges paragraphs 1-56 as if set forth fully herein.

58.     For the reasons discussed above, EPEWA and the EPEWA Regulations conflict with the Dormant Commerce Clause and violate the First Amendment, and thereby deprive Plaintiff and its members of enforceable "rights" secured by federal law.

59.     With exceptions not relevant here, in any "case of actual controversy within [their] jurisdiction," federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

60.     This Court can and should exercise its equitable power to enter a declaration stating that EPEWA and the EPEWA Regulations violate the First Amendment and the Dormant Commerce Clause, are therefore unlawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Declare that EPEWA and the EPEWA Regulations are invalid as against the Dormant Commerce Clause and the First Amendment;

B.     Preliminarily and permanently enjoin Defendant from enforcing EPEWA or the EPEWA Regulations;

C.     Enter judgment in favor of Plaintiff;

D.     Award Plaintiff its costs and attorneys' fees incurred in bringing this action; and

E.     Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted this 29th day of December, 2020.

*s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick
Jennifer S. Harpole
Grace L. McGuire
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Phone: 303.629.6200
Fax: 303.629.0200
Email: jkirkpatrick@littler.com
         jharpole@littler.com
         gmcguire@littler.com
*Attorneys for Plaintiff*

Plaintiff's Address:
11755 Airport Way, Suite 114
Broomfield, CO 80021

15