**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3819-WJM-STV

ROCKY MOUNTAIN ASSOCIATION OF RECRUITERS,

    Plaintiff,

v.

SCOTT MOSS, in his official capacity as Director of the Division of Labor Standards and Statistics of the Colorado Department of Labor and Employment,

    Defendant.

## ORDER DIRECTING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction ("Motion"), which challenges Part 2 of the Colorado Equal Pay For Equal Work Act, which was codified into law at Colo. Rev. Stat. §§ 8–5–201 through 8–5–203, and its implementing regulations, 7 C.C.R. 1103-13 (jointly, the "Law").[1] (ECF No. 7.) After careful consideration of the parties' briefs and supporting exhibits, as well as the arguments raised during the April 21, 2021 Oral Argument, the Court directs the parties to address the following topics in supplemental briefing.

**A.     The Types of Burdens that Matter Under the Dormant Commerce Clause**

To date, Defendant has argued that the costs of compliance incurred by Plaintiff and its members to comply with the Law are not types of cognizable burdens that matter

---

[1] The Court will refer to the requirements under Colo. Rev. Stat. §§ 8–5–201(1) and 8–5–201(2) and their implementing regulations as the "Promotion Posting Requirement" and the "Compensation Posting Requirement," respectively.

under the Dormant Commerce Clause analysis and *Pike v. Bruce Church Inc.*, 397 U.S. 137 (1970).  (*See, e.g.*, ECF No. 23 at 13–18.)

However, while it is true that the "[t]he [Commerce] Clause protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations," *Exxon Corp. v. Governor of Md.*, 437 U.S. 117, 127–28 (1978), the Tenth Circuit and the Eighth Circuit have also recognized that evidence regarding the burdens imposed on a particular company *may* be suggestive of a law's burden on interstate commerce. *See Quik Payday, Inc. v. Stork*, 549 F.3d 1302, 1309 (10th Cir. 2008) ("Although evidence regarding a particular company may be suggestive, the benefit-to-burden calculation [under *Pike*] is based on the overall benefits and burdens that the statutory provision may create, not on the benefits and burdens with respect to a particular company or transaction."); *Pioneer Mil. Lending, Inc. v. Manning*, 2 F.3d 280, 283 (8th Cir. 1993) ("The burden a state regulation places on a single firm's interstate activities can be excessive under the Commerce Clause. . . . *Exxon* neither overruled *Pike*, nor made irrelevant the burden that a state regulation places on an individual business."). Moreover, it is of some moment to the Court in this regard that Plaintiff is not a single company, but a trade organization comprised of a number of different companies or firms in three states.[2]

With all of this in mind, Defendant is DIRECTED to file a supplemental brief on or before **May 6, 2021** addressing why (1) the operational compliance costs incurred by Plaintiff's member companies, as referenced in the Motion and supporting declarations, do not matter under the Dormant Commerce Clause analysis and *Pike*; and (2) why

---

[2] It is unclear from the Plaintiff's filings the actual number of Plaintiff's members.

they are not representative of the types of burdens that the Law places on interstate commerce.  Plaintiff is DIRECTED to respond to Defendant's supplemental brief on or before **May 17, 2021**.  No reply will be accepted.

**B.     The Most Burdensome Aspects of the Law**

Plaintiff is DIRECTED to file a supplemental brief on or before **May 6, 2021**, specifically identifying what it considers: (1) the two most burdensome aspects of the Compensation Posting Requirement; and (2) the two most burdensome aspects of the Promotion Posting Requirement.  Plaintiff may choose to identify a particular statutory or regulatory requirement, or the fact that a particular statutory provision or regulation does not exempt certain types of postings from the Law's scope.  Plaintiff should explain in detail why it considers each of these four aspects of the two Requirements to constitute a particularly onerous burden for Plaintiff and its members.

Defendant is DIRECTED to respond on or before **May 17, 2021**, explaining why the specific burdens on interstate commerce identified by Plaintiff do not outweigh the local interests promoted by the Compensation Posting and Promotion Posting Requirements.  No reply will be accepted.

**C.     Relevant Legislative History**

Plaintiff is DIRECTED to file a supplemental brief on or before **May 6, 2021** summarizing the Law's relevant legislative history, including: (1) the evidence that the Colorado Legislature considered regarding the Law's stated goals when enacting the Compensation Posting and Promotion Posting Requirements; (2) consideration of the Law's potential burdens; (3) consideration of any alternatives to the Compensation Posting and Promotion Posting Requirements; and (4) any other legislative history that

Plaintiff deems relevant.  If Defendant wishes to respond or provide any additional legislative history for the Court's consideration, Defendant's response will also be due on or before **May 17, 2021**.  No reply will be accepted.

* * * *

For this supplemental briefing only, none of the Court's Revised Practice Standards regarding page limits will apply.  Upon receiving the supplemental briefing ordered herein, the Court will consider the briefing on Plaintiff's Motion for Preliminary Injunction to be closed.

Dated this 26th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4